16609

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE  DISTRICT OF NEW JERSEY*
*DISTRICT OF NEW JERSEY*
*VICINAGE OF CAMDEN VICINAGE*

---

| | |
|---|---|
| *Plaintiff*<br>LORRAINE LEMON, individually, and on behalf of the ESTATE OF LYNETTE SMITH,<br><br>*vs.* | NO.:  Civil Action No. 1:15-cv-7374<br><br>CIVIL ACTION |
| *Defendant*<br>THE UNITED STATES OF AMERICA, COMMUNITY HEALTH CARE, INC., d/b/a COMPLETE HEALTH CARE NETWORK, TRI COUNTY MEDICINE, INC., HASMUKHBHAI PATEL, MD, RAGHURAJ TOMAR, M.D., KIDNEY AND HYPERTENSION SPECIALISTS, PA, ELIS PRIORI, M.D. AND NAEEM AMIN, M.D. | NOTICE OF MOTION TO DISMISS COUNT III OF PLAINTIFFS' COMPLAINT AND ALL CLAIMS FOR VICARIOUS LIABILITY AGAINST DEFENDANT, KIDNEY AND HYPERTENSION SPECIALISTS, P.A. |

PLEASE TAKE NOTICE that on **DECEMBER 7, 2015** or as soon thereafter as counsel may be heard, the undersigned attorneys for Defendant, Kidney and Hypertension Specialists, P.A., shall apply to the Court for an Order dismissing plaintiff, Lorraine Lemon's claim for negligent infliction of emotional distress (Count III)  and dismissing plaintiffs' vicarious liability claims against them pursuant to F.R.C.P 12(b)(6). Defendant will further move for the Court to dismiss this matter in its entirety as duplicative of case #1:14-cv-07247

The undersigned shall rely on the attached Brief and Certification in support of this Motion.

A proposed form of Order is attached hereto.

Oral argument is respectfully requested if opposition is filed.

**DATED:**        **November 13, 2015**                    BY: _Edward I. Wicks_
                                                         SCOTT C. BUSHELLI, ESQ.
                                                         EDWARD I. WICKS, ESQUIRE
                                                         Attorney for Defendants, Elis Priori, M.D.,
                                                         Naeem Amin, M.D. and Kidney and
                                                         Hypertension Specialists, P.A.

                                                         **STAHL & DeLAURENTIS, P.C.**
                                                         10 E. CLEMENTS BRIDGE ROAD
                                                         RUNNEMEDE, NJ  08078
                                                         856-380-9200
                                                         FAX 856-939-1354

16609

## IN THE UNITED STATES DISTRICT COURT
### FOR THE  DISTRICT OF NEW JERSEY
### DISTRICT OF NEW JERSEY
### VICINAGE OF CAMDEN VICINAGE

| | |
|---|---|
| *Plaintiff*<br>LORRAINE LEMON, individually, and on behalf of the ESTATE OF LYNETTE SMITH,<br><br>*vs.*<br><br>*Defendant*<br>THE UNITED STATES OF AMERICA, COMMUNITY HEALTH CARE, INC., d/b/a COMPLETE HEALTH CARE NETWORK, TRI COUNTY MEDICINE, INC., HASMUKHBHAI PATEL, MD, RAGHURAJ TOMAR, M.D., KIDNEY AND HYPERTENSION SPECIALISTS, PA, ELIS PRIORI, M.D. AND NAEEM AMIN, M.D. | NO.:  Civil Action No. 15-7374<br><br>CIVIL ACTION<br><br><br>ORDER |

This matter having been opened to the Court by Stahl & DeLaurentis, P.C., attorneys for defendants, Kidney and Hypertension Specialists, P.A., and the Court having considered the moving papers and any response thereto, and for good cause shown;

IT IS on this _____ day of _____, 2015, ORDERED and ADJUDGED that plaintiffs' vicarious liability claims against defendant, Kidney and Hypertension Specialists, P.A., for the alleged negligence of defendants, Ellis Priori, M.D., and Naeem Amin, M.D., are hereby DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the negligent infliction of emotional distress claim of plaintiff, Lorraine Lemon, against defendant, Kidney and Hypertension Specialists, P.A., is hereby DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that defendant, Kidney and Hypertension Specialists, P.A., shall file an Answer to the Amended Complaint within fourteen (14) days of entry and electronic docketing of this Order.

IT IS FURTHER ORDERED that this matter, docket #1:15-CV-7374, is dismissed in its entirety as duplicative the matter presently pending under docket #1:14-CV-07247.


_____

Hon. Noel L. Hillman, U.S.D.J.

16609

## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF NEW JERSEY
## DISTRICT OF NEW JERSEY
## VICINAGE OF CAMDEN VICINAGE

| | |
|---|---|
| *Plaintiff*<br>LORRAINE LEMON, individually and on behalf of the ESTATE of LYNETTE SMITH<br><br>*vs.*<br><br>*Defendant*<br>UNITED STATES OF AMERICA, COMMUNITY HEALTH CARE, INC. d/b/a COMPLETE HEALTH CARE NETWORK, TRI COUNTY MEDICINE, INC., HASMUKHBHAI PATEL, M.D., RAGHURAJ TOMAR, M.D., KIDNEY AND HYPERTENSION SPECIALISTS, P.A., ELIS PRIORI, M.D., and NAEEM AMIN, M.D. | NO.:  Civil Action No. 1:15-cv-07374<br><br>CIVIL ACTION |

**CERTIFICATION OF ATTORNEY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS COUNT III OF PLAINTIFFS' AMENDED COMPLAINT AND ALL VICARIOUS LIABILITY CLAIMS AGAINST DEFENDANT, KIDNEY AND HYPERTENSION SPECIALISTS, P.A., FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Filed pursuant to <u>L.Civ.R</u> 7.2

# CERTIFICATION OF COUNSEL

I, Edward I. Wicks, Esquire, being of full age, hereby certify and say:

1.     I am an attorney admitted to the practice of law in the State of New Jersey and the United States District Court for the District of New Jersey and am one of the attorneys entrusted to handle this matter on behalf of Defendants, Elis Priori, M.D., Naeem Amin, M.D. and Kidney and Hypertension Specialists, P.A.

2.     On May 22, 2012, plaintiff, Lynette Smith, filed a complaint to first initiate a medical malpractice action in the Superior Court of New Jersey, Cumberland County, docket number CUM-L-457-12.  In the complaint, Plaintiff named Naeem Amin, M.D., Elis Priori, M.D., and Kidney Hypertension Specialists, P.A. (hereinafter KHS) as defendants. The other defendants included Joseph J. Riley, D.O., Bridgeton Family Medicine, South Jersey Healthcare, Complete Care Health Solutions, LLC,  Hasmukhbahai Patel, M.D. and Ragjuraj Tomar, M.D. Plaintiff alleged that the defendants failed to properly diagnose and treat her for renal failure and/or insufficiency. A copy of the complaint is attached as Exhibit A.

3.     On July 10, 2012, an Answer was filed on behalf of Dr. Amin and Dr. Priori denying liability and asserting various defendants. The Answer included a demand for an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-26. The Answer identified Dr. Amin and Dr. Priori as having the specialty of nephrology and the treatment provided as having involved said specialty, pursuant to state rules of civil procedure. A copy of the answer is attached as Exhibit B.

4.     Plaintiff subsequently served an affidavit of merit authored by an obstetrician/ gynecologist, Bruce Halbridge, M.D., who was generally critical of all defendants. A true and

- 2 -

correct copy of the affidavit of merit is attached as <u>Exhibit C</u>.

5.    On or about August 17, 2012, a <u>Ferreira</u> conference was held pursuant to <u>Ferreira</u> <u>v. Rancocas Orthopedic Assocs.</u>, 178 N.J. 144 (N.J. 2002). Our office had only recently entered an appearance and did not receive notice of the conference. The Court entered an Order dated August 27, 2012 indicating there was no objection to plaintiff's affidavit of merit. A true and correct copy of the Order is attached as <u>Exhibit D</u>.

6.    In September 2012, plaintiff filed an amended complaint in adding  Joseph P. Riley, D.O., as a defendant and eliminating Joseph J. Riley, D.O. and Bridgeton Family Medicine defendants. A true and correct copy of the amended complaint is attached as <u>Exhibit E</u>.

7.    By letter dated October 4, 2012, our office placed the Court on notice that a sufficient affidavit of merit had not been provided with respect to Dr. Amin and Dr. Priori. A true and correct copy of the letter dated October 4, 2012 is attached as <u>Exhibit F</u>.

8.    An Answer to the Amended Complaint was filed on October 30, 2012 on behalf of Dr. Amin and Dr. Priori. Therein, the defendants again denied liability, asserted various defenses, and further demanded an affidavit of merit. A true and correct copy of the answer is attached as <u>Exhibit G</u>.

9.    On January 11, 2013, KHS was dismissed from the case without prejudice for lack of prosecution. A true and correct copy of the state court docket is attached as <u>Exhibit H</u>.

10.    When plaintiff failed to serve an Affidavit of Merit by an appropriate specialist within the statutory 120 day period, defendants, Dr. Amin and Dr. Priori, moved for dismissal with prejudice. The motion was unopposed and granted by the Court by Order entered January 25, 2013. A true and correct copy of the Order entered January 25, 2013 is attached as <u>Exhibit I</u>.

11.     On February 1, 2013, the Court held a second Ferreira conference. By Order entered February 1, 2013, the Court declined to reach the issue of whether the Affidavit of Merit was satisfactory ast to defendants, Dr. Amin and Dr. Priori, as those defendants were dismissed by the Order entered January 25, 2013. A true and correct copy of the Order entered February 1, 2013 is attached as Exhibit J.

12.     On or about March 22, 2013, the Court denied plaintiff's motion for reconsideration of the Order entered January 25, 2013, dismissing defendants, Dr. Amin and Dr. Priori. No appeal was filed. See state court docket, Exhibit H.

13.     On January 20, 2014, plaintiff, Lynette Smith, died. Plaintiff filed a Second Amended Complaint on behalf of the Estate on February 28, 2014, alleging a claim for wrongful death. The Second Amended Complaint was never properly served on Dr. Amin, Dr. Priori, or KHS. A true and correct copy of the second amended complaint is attached as Exhibit K.

14.     On November 20, 2014, the case was removed to the United States District Court, District of New Jersey by the United States of America for defendants, CompleteCcare Health Solutions, LLC, Dr. Patel and Dr. Tomar. The case was assigned docket # 1:14-cv- 07247. A true and correct copy of the notice of removal is attached as Exhibit L.

15.     On March 6, 2015, default was entered against KHS, Dr. Amin, and Dr. Priori at the plaintiff's request. A true and correct copy of the federal court docket is attached as Exhibit M.

16.     On March 12, 2015, plaintiff moved for default judgment against the moving defendants. The motion was denied by Order entered on July 31, 2015. On the same date, the Court granted a motion filed by the United States to dismiss the complaint against it without

- 4 -

prejudice. A true and correct copy of the order entered July 31, 2015 is attached as Exhibit N.

17.   On August 6, 2015, the court vacated the March 6, 2015 entry of default against the moving defendants. A true and correct copy of the text order entered August 6, 2015 is attached as Exhibit O.

18.   On September 11, 2015, plaintiff moved to file an amended complaint.  See federal court docket, Exhibit M. In the proposed amended complaint, the plaintiffs were named as Estate of Lynette Smith by Administratrix, Lorraine Lemon, and Lorraine Lemon, in her individual capacity. The proposed amended complaints asserted a wrongful death claim and a survival claim on behalf of the Estate and a negligent infliction of emotional distress claim on behalf of Ms. Lemon. According to the proposed amended complaint, Ms. Lemon was the mother of Lynette Smith and was appointed as administratrix on Mary 7, 2014 by the Surrogate of Cumberland County. The proposed amended complaint named Dr. Priori, Dr. Amin, and KHS as defendants. The co-defendants include Community Health Care, Inc. d/b/a Complete Health Network, Tri County Medicine, Inc. Hasmukhbhai Patel, M.D., and Raghuraj Tomar, M.D. The proposed amended complaint omitted Joseph Riley, D.O. as a defendant.

19.   While the motion to file an amended complaint was pending, plaintiff initiated this second, separate federal court action on October 7, 2015. Plaintiff filed a complaint identical to the proposed amended complaint in #1:14-cv-07247. This second action has been assigned docket #1:15-cv-07374. A true and correct copy of the complaint is attached as Exhibit P.

20.   On October 13, 2015, the Court granted the plaintiff's motion to file an amended complaint in case #1:14-cv-07247.  A true and correct copy of the Order entered October 13, 2015 is attached as Exhibit Q.

- 5 -

21.    On October 14, 2015, plaintiff filed an amended complaint against these defendants in case #1:14-cv-07247. A true and correct copy of the amended complaint is attached as Exhibit R.

22.    On October 23, 2015, plaintiff served the moving defendants with the amended complaint in case #1:14-cv-07247 and the complaint in case #1:15-cv-07374. See Exhibit M.

23.    As detailed in the attached Brief, the vicarious liability claims against Defendant, Kidney and Hypertension Specialists, P.A., for the alleged negligence of Dr. Priori and Dr. Amin are precluded based on the doctrine of res judicata. The aforementioned prior court Order dismissing all claims against them with prejudice for failure to provide an Affidavit of Merit was a substantive dismissal of the case on the merits and a definitive finding that these physicians were not liable for the same care and treatment that gives rise to the present action.

24.    As detailed in the attached Brief, plaintiff, Lorraine Lemon, fails to state any individual claim against Kidney and Hypertension Specialists, P.A. for which recovery can be granted. Negligent infliction of emotional distress is not a compensable claim based on the facts alleged.

25.    Defendant, Kidney and Hypertension Specialists, P.A., now moves pursuant to Rule 12(b)(6) to have all vicarious liability claims and the negligent infliction of emotional distress claim dismissed with prejudice for failure to state a clam upon which relief can be granted before this defendant is required to file an answer to the Amended Complaint.

26.    Defendant, Kidney and Hypertension Specialists, P.A., further moves that this matter, case #1:15-cv-07374 be dismissed in its entirety as duplicative of the matter, case #

- 6 -

#1:14-cv-07247.

I certify that the foregoing statement made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Respectfully submitted,

DATED: 11/13/2015

By: _Edward I. Wicks_
SCOTT C. BUSHELLI, ESQ.
EDWARD I. WICKS, ESQ.
Attorneys for Defendants, Elis Priori, M.D., Naeem Amin, M.D. and Kidney and Hypertension Specialists, P.A.

**STAHL & DeLAURENTIS, P.C.**
10 E. CLEMENTS BRIDGE ROAD
RUNNEMEDE, NJ 08078
Phone: 856-380-9200
Fax: 856-939-1354
Email: scb@sdnjlaw.com / eiw@sdnjlaw.com

16609

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE  DISTRICT OF NEW JERSEY*
*DISTRICT OF NEW JERSEY*
*VICINAGE OF CAMDEN VICINAGE*

| | |
|---|---|
| *Plaintiff* <br> LORRAINE LEMON, individually, and on behalf of the ESTATE OF LYNETTE SMITH, <br><br> *vs.* <br><br> *Defendant* <br> THE UNITED STATES OF AMERICA, COMMUNITY HEALTH CARE, INC., d/b/a COMPLETE HEALTH CARE NETWORK, TRI COUNTY MEDICINE, INC., HASMUKHBHAI PATEL, MD, RAGHURAJ TOMAR, M.D., KIDNEY AND HYPERTENSION SPECIALISTS, PA, ELIS PRIORI, M.D. AND NAEEM AMIN, M.D. | NO.:  Civil Action No. 15-7374 <br><br> CIVIL ACTION <br><br><br> CERTIFICATE OF SERVICE |

CERTIFICATION OF SERVICE: On November 13, 2015, I, the undersigned, served copies of the foregoing documents to all counsel and/or parties at their respective addresses, by regular mail and/or email, as follows:

Thomas Connelly, Esq.
The Connelly Firm, P.C.
2207 Chestnut Street
Philadelphia, PA 19103
Attorney for Plaintiff(s)

Anne B. Taylor, Assistant US Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
Attorney for Co-Defendant(s), Attorney for Defendants, United States of America, Hasmukhbhai Patel, MD, Raghuraj Tomar, MD and Community Health Care, Inc., d/b/a Complete Health Care Nework (incorrectly identified in the New Jersey pleadings as "CompleteCare Health Solutions, LLC).

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**DATED:**      __November 13, 2015__

Robin D. Fisher